# SUPREME JUDICIAL COURT

#### FOR THE

### COUNTY OF ESSEX, NOVEMBER TERM 1846,
### AT SALEM

---

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎬ Justices
Hon. SAMUEL HUBBARD, ⎭

---

EBENEZER WHEELWRIGHT & another *vs.* WILLIAM FREEMAN & another.

Since special pleading was abolished by *St.* 1836, *c.* 273, a tenant in a writ of entry may rely on the defence of non-tenure, &c., under the general issue of *nul disseizin*, on filing a specification of such defence.

Under the Rev. Sts. *c.* 107, § 8, a writ of entry to foreclose a mortgage cannot be maintained against a tenant at will, or tenant for years, if he is willing and ready to give up the possession of the mortgaged premises. But if he denies the mortgagee's right, and refuses to give up the possession, the mortgagee may treat him as a tenant of the freehold, by disseizin, and maintain a writ of entry against him.

THIS was a writ of entry, to which the tenants severally pleaded *nul disseizin*, and jointly filed a specification of defence, in which they gave notice that they would aver that they were not tenants of the freehold in the premises

described in the demandants' writ, at the time of the commencement of this action, nor ever had been ; and that they claim nothing in said premises, except a leasehold estate therein, under a lease from Henry H. Fuller to them, dated June 24th 1843, for the term of two years from the said date.

The case was submitted to the court upon the following statement of facts :

" The demandants are mortgagees of the demanded premises, holding a mortgage to secure payment of a promissory note, made in 1835, and bearing even date with the mortgage. Since the giving of the mortgage, the right in equity has been conveyed by the mortgagor, and it has passed, by sundry mesne conveyances, to Henry H. Fuller, who was, at the time of the commencement of this action, and now is, the owner thereof. The deed, by which said Fuller holds the same, bears date June 10th 1843, and was recorded on the 20th of that month. On the 24th of the same month, said Fuller, by indenture, in due form, demised the demanded premises to the tenants in the present action, to hold for the term of two years ; and they entered into, and now hold possession of, said premises, under and by virtue of said demise, claiming no other right or estate therein. The pleas and specification of defence are parts of this statement. The court is to order a nonsuit or a default, as they shall be of opinion that the demandants can or cannot maintain the present action."

This case was argued at a former term.

*Ward,* for the demandants.

*Andrew,* for the tenants.

DEWEY, J. The p'ea of *nul disseizin,* filed by the defendants, would, prior to the *St.* of 1836, *c.* 273, abolishing all special pleas, and requiring the general issue to be pleaded in all cases, have been an admission that the defendants were tenants of the freehold, or might be considered as such, at the election of the demandants. But since the enactment of this statute, we are to look behind the plea, and the real

grounds of defence are required to be presented in the specifi-
cations of defence, filed with the plea. We think, therefore.
it is very clear that it is competent for a tenant in a writ of
entry to rely upon the defence of *non-tenure*, or never tenant
of the freehold, upon filing a proper specification of defence
of that nature, with the plea of the general issue. *Churchill*
v. *Loring*, 19 Pick. 466.

The further question raised in the present case is, whether
an action to foreclose a mortgage can be brought against a
tenant for years. The Rev. Sts. *c.* 107, § 8, provide that
" the action may be brought against whoever is tenant of the
freehold." This excludes the case of a tenant for years,
holding strictly that relation. If such tenant makes no greater
claim of title, and interposes no obstacle to the enforcement
of the mortgage title created by his lessor; if he is ready and
willing, at all times, to yield up the possession to the mort-
gagee; in such case, the tenant for years is not liable to an
action for foreclosure by the mortgagee. And if such suit is
brought against him, he may avail himself of this defence,
upon filing a proper specification thereof. On the other
hand, any person who is in possession, be he tenant for years
or otherwise, if he denies the right of the mortgagee, refuses
to yield up possession to him, and thereby prevents him from
taking peaceable possession, may, at the election of the mort-
gagee, be deemed a disseizor, and be considered and treated
as a tenant of the freehold by disseizin, and in such case be
liable to this action. See commissioners' notes to Rev. Sts.
*c.* 107, § 7. The case of *Shelton* v. *Atkins*, 22 Pick. 74,
involved only a question as to an action for foreclosure insti-
tuted prior to the revised statutes, and is not in conflict with
these views.

The facts stated in the present case show nothing beyond
the naked liability of tenants for years, on the part of the
defendants, and no acts of theirs which could authorize the
demandants to consider them as disseizors, and liable to be
treated as tenants of the freehold.

The result therefore is, that the defence is well main-
tained.

*Demandants nonsuit.**

---

PAUL DOLE *vs.* SAMUEL THURLOW.

When an objection is made, at a trial, to the competency of a witness, on the
ground of interest, the decision of the judge on the question of fact is conclusive,
unless he sees fit to report the evidence for the consideration of the whole court.

On a trial, in which the question was, whether A. had conveyed certain land to B.,
it was agreed that a paper concerning the land, viz., either a deed or a bond for a
deed, had passed from A. to B.: One witness testified that he saw a deed, and
another that he saw a bond, from A. to B., in B.'s hands; but it did not appear
that the witnesses saw the paper at the same time: The judge, in his charge to
the jury, suggested that the testimony of the latter witness might be true, and yet
that a deed might have passed from A. to B., at another time; which would recon-
cile the testimony of the two witnesses. *Held,* that this was not the assumption
by the judge, of a fact of which there was no proof, but was a proper comment on
the evidence, and not a ground of exception.

A deed conveying land, if duly delivered, though not acknowledged nor recorded,
passes the estate presently, and is a valid conveyance, as against the grantor,
since the revised statutes as well as before.

Attesting witnesses are not, by the common law or by the revised statutes, neces-
sary to the validity of a deed for the conveyance of land.

If a party, at the trial of a cause, does not make a question as to a certain fact, and
present it to the jury, his request to the judge, after the argument is closed, to
instruct the jury as to the law which would arise upon such fact, comes too late,
and the refusal of his request is no ground of exception: But upon such party's
petition for a new trial, the court may receive evidence of what passed at the
trial; and if they are satisfied that evidence was given upon which the jury
might have found such fact, and are also satisfied that the party intended to
make such fact a point in his case, the court may grant a new trial, provided such
fact, if proved, would change the result of the case.

WRIT OF ENTRY. Trial before *Hubbard,* J. who made a
report thereof, which sufficiently appears in the opinion of
the court.

---

* In January 1849, at Boston, a similar decision was made in a case pend-
ing in the county of Bristol.

INHABITANTS OF RAYNHAM *vs.* THEODORE W. SNOW.

THIS was a writ of entry to foreclose a mortgage given to the demandants
by Dan Wilmarth. The tenant (as the parties agreed) never owned any
freehold in the demanded premises, but was merely tenant at will, and

The case was argued at the last November term.

*Hallett,* for the tenant.

*N. J. Lord,* for the demandant.

removed therefrom after the commencement of the action.   At the first term, he filed a disclaimer.

THE COURT held, that the action could not be maintained.

*N. Morton,* for the demandants.

*Pratt,* for the tenant.